IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-2262-JLK**

**RENEE ATWELL**,

       Plaintiff,

v.

**PATRICIA GABOW, in her official capacity as CEO of Denver Health, and in her individual capacity, and**
**DENVER HEALTH,**

       Defendants.

---

**ORDER GRANTING MOTION TO SUPPLEMENT (DOC. 21)**
**AND SETTING ORAL ARGUMENT ON MOTION TO DISMISS**

---

Kane, J.

This putative employment discrimination class action is before me on Defendants' Motion to Dismiss First Amended Complaint (Doc. 17). Plaintiffs' request to supplement their Response to Defendants' Motion to Dismiss (Doc. 21) is GRANTED and the Motion is thus fully briefed.

Having reviewed the briefing and the overall record in this case, I ORDER the Motion set for oral argument at 10:00 a.m. Thursday, May 31, 2007, in Courtroom A-802 of the Alfred A. Arraj U.S. District Courthouse, 901 19th St., Denver, Colorado. All counsel of record who have signed briefs on the Motion to Dismiss are required to attend the oral argument *in person*.

In anticipation of oral argument, counsel shall be prepared to address the following

specific questions and concerns:

1. <u>Class Action</u>. Counsel for Plaintiff shall certify, under Fed. R. Civ. P. Rule 11, the precise nature of the investigation and legal research conducted in transforming Ms. Atwell's original employment discrimination Complaint in this case into a class action on behalf of between "50" and "200" non-white employees of Denver Health – based on a representation that Ms. Atwell (the only African-American psychologist at Denver Health during the relevant time period) wished to "clarify" certain aspects of her Complaint in "response" to Defendants' original Motion to Dismiss her claims. Counsel should be prepared to explain similar tactics employed in other cases they have pursued in this Court since 1993.

2. <u>Factual and Legal Basis for Relief</u>. Counsel should be prepared to address the factual and legal basis for the claims in the First Amended Complaint, and certify the steps undertaken to investigate and research them for Rule 11 purposes, specifically including:

(a) the purported distinction, on the facts alleged, between Plaintiffs' 42 U.S.C. § 1981 and § 1983 claims and the basis for "municipal liability" under § 1981;

(b) the factual and legal basis for the assertion that Denver Health is a "person" for purposes of § 1983 damages liability under *Monell v. New York City Department of Social Services*, 436 U.S. 558 (1978), and applicable Tenth Circuit authority;

(c) the identification of ***specific factual allegations*** supporting the conclusory allegations in the First Amended Complaint that Denver Health and/or Defendant

       Gabow acting in her official capacity made a policy decision, or engaged in a custom or practice of discrimination, for purposes of municipal liability;[1] and (d) the identification of ***specific factual allegations*** supporting a claim of supervisor liability against Defendant Gabow, in her individual capacity, on Plaintiffs' § 1981 and § 1983 theories of relief.  To the extent either of these claims against Gabow in her individual capacity survives dismissal at this stage of the proceedings, I will order further briefing on Gabow's defense of qualified immunity and will stay discovery pending a ruling on the viability of that defense in this case.

3.    <u>Subject Matter Jurisdiction</u>.  Counsel shall be prepared to articulate the basis for exercising subject matter jurisdiction over Plaintiffs' Title VII and the state statutory discrimination claims.  In the context of this issue, counsel shall provide an explanation for the assertion that Plaintiff Atwell and the other named Plaintiffs have complied with the notice/exhaustion requirements for both the federal and state claim(s), and address the disparities in the different EEOC charges attached to Plaintiffs' Supplement (Doc. 21).

4.    <u>State anti-discrimination claims</u>.  Counsel shall provide authority for Plaintiffs' assertion that C.R.S. § 25-29-107 applies in this case and gives rise to an

---

[1]    In addition to the cases and arguments raised in Defendants' briefs, counsel shall also address and apply my rulings in *Drake v. City and County of Denver*, 953 F.Supp. 1150 (D.Colo.,1997), and the cases cited in Judge Nottingham's recent decision in *Montoya v. Board Of County Com'rs*, 2007 WL 779832 (D.Colo. 2007).  I want to hear Plaintiffs theory of how the entity's inaction gives rise to liability for custom and practice, and how the individual acts of alleged retaliation, demotion, and hostility described in the complaint constitute a "custom or policy" of the entity.

independent, private right of action against either named Defendant based on the facts and claims alleged in this case.

5. <u>Viability of Requests for Injunctive and Declaratory Relief on Facts Alleged</u>. Finally, counsel shall address Plaintiffs' theory of entitlement to the declaratory and injunctive relief sought on page 28 of the Amended Complaint. Specifically, counsel shall explain how declaratory relief is even cognizable as a separate remedy for the discrimination alleged in this case, given that Plaintiffs' harm, and the damages flowing therefrom, have already, based on Plaintiffs' allegations, accrued.[2] Similarly, counsel shall provide authority for the assertion that injunctive relief – prohibiting defendants from "engaging in the unlawful policies, practices, customs, and usages" forming the basis for Plaintiffs' already-asserted claims for damages – is a meaningful and available separate remedy for the claims asserted in this case.

Counsel for Plaintiffs should consider this Order part of their notice under Fed. R. Civ. P. 11(c)(1)(A)'s "safe harbor" provision and give thought to withdrawing some or all of their offending claims or contentions. If, after oral argument, I am persuaded that one or more of Plaintiffs' claims were frivolous or groundless when filed, or that counsel

---

[2] *See Saum v. Widnall*, 912 F. Supp. 1384, 1394 (D. Colo. 1995)(citing 10B C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2751, p. 457 (3d ed. 1998) and *Boston v. Lafayette County*, 744 F.Supp. 746, 755-56 (N.D. Miss.1990), *aff'd* 933 F.2d 1003 (5th Cir.1991) and *Hoagy Wrecker Serv. Inc. v. City of Ft. Wayne*, 776 F.Supp. 1350, 1359 (D. Ind.1991) (Declaratory Judgment Act unavailable to tow truck operator asserting equal protection claim against city in connection with award of contract to other operators because purpose of Act is to prevent the accrual of avoidable damages, and these had already occurred)).

otherwise failed to comply with the principles and purposes of Rule 11 either in signing the original Complaint on behalf of Ms. Atwell or in ratcheting up the ante by converting Ms. Atwell's claims into a class action in "response" to Defendants' original Motion to Dismiss, I may issue comprehensive order to show cause under Rule 11(c)(1)(A), *see Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000), and/or impose sanctions under 28 U.S.C. § 1927 without further notice.  *See Roth v. Green*, 466 F.3d 1179 (10th Cir. 2006)(affirming both forms of sanction based on defendants' motion)(citing *Wasko v. Moore*, 172 Fed. Appx. 791 (10th Cir. 2006)(unpublished decision) affirming Rule 11 and § 1927 sanctions imposed on district court's own initiative)).

Dated May 9, 2007.                **s/John L. Kane**
                                  SENIOR U.S. DISTRICT JUDGE