## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re: RENEE ATWELL; VIVIAN BRADLEY; TERRY LEE; YVETTE MARTINEZ HOCHBERG; ANNE T. SULTON,

Petitioners.

No. 07-1312
(D.C. No. 06-cv-2262-JLK-MJW)

ORDER
Filed November 13, 2007

Before **BRISCOE**, **EBEL** and **LUCERO**, Circuit Judges.

This is an original proceeding in the nature of mandamus. Petitioners (plaintiffs in the district court and Anne T. Sulton, one of their attorneys) requested that this court (1) vacate the district court's June 18, 2007, and June 25, 2007, orders requiring plaintiffs publicly to produce co-counsel Gregory Hall's original notes of interviews with clients and potential clients or class members, and (2) order the recusal of the district court judge. By order dated September 25, 2007, this court denied petitioners's requests in part. Specifically, we held that this case satisfied the criteria for review by mandamus, but we declined to prohibit production of the original Gregory Hall interview notes regarding interviews with the district court plaintiffs and declined to order the judge's

recusal. We also partially stayed the district court's orders and requested further briefing on the issue of whether those persons who were interviewed by counsel but who did not ultimately become district court plaintiffs wished to assert an attorney-client privilege with respect to the original interview notes. Pursuant to the September 25 order, petitioner Anne T. Sulton has filed (1) a notification indicating that four non-party interviewees do not object to production of the original notes, and (2) a brief asserting the attorney-client privilege on behalf of the remaining non-party interviewees.

### *Standard for Mandamus Relief*

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon*, 449 U.S. 33, 34 (1980). The five nonconclusive factors this court considers in deciding a mandamus matter are whether (1) the party has alternative means to secure relief; (2) the party will be damaged "in a way not correctable on appeal"; (3) "the district court's order constitutes an abuse of discretion"; (4) the order "represents an often repeated error and manifests a persistent disregard of federal rules"; and (5) the order raises "new and important problems or issues of law of the first impression." *Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir. 1995) (quotation omitted). A petitioner must show that he has no other adequate means of relief and his right to the writ is clear and indisputable. *Allied Chemical Corp.*, 449 U.S. at 35 (quotation omitted). This court has held that "[t]he right to

the writ is clear and indisputable when the petitioner can show a judicial usurpation of power or a clear abuse of discretion." *United States v. West*, 672 F.2d 796, 799 (10th Cir. 1982).

### *Analysis*

#### *Alternate Means of Relief & Potential Damage*

The non-party interviewees have no alternate means of securing relief. They are not parties in the district court and they cannot appear in person without destroying their anonymity. Further, if the original interview notes are filed publicly, their identities will be revealed, and such disclosure could not be corrected on appeal. These factors weigh in favor of granting mandamus relief.

#### *Abuse of Discretion*

A district court abuses its discretion when it issues an "arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quotation omitted). In addition, "a decision based on an erroneous view of the law is an abuse of discretion." *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

"The burden of proving a communication is privileged is upon the person asserting the privilege." *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979). The attorney-client privilege protects confidential communications between attorneys and clients. *See In re Qwest Commun. Int'l*, 450 F.3d 1179,

1185 (10th Cir.), *cert. denied*, 127 S. Ct. 584 (2006). In Colorado confidential communications are subject to the attorney-client privilege even when a potential client chooses not to retain counsel to pursue an action. "Under longstanding Colorado law, the attorney-client relationship arises when a [person] consults an attorney about his case." *People v. Chavez*, 139 P.3d 649, 654 (Colo. 2006); *see also Denver Tramway Co. v. Owens*, 36 P. 848, 855 (Colo. 1894). Thus, the non-party interviewees are entitled to invoke the attorney-client privilege with regard to counsel's notes about their interviews.

The attorney-client privilege belongs to the client, not the attorney. *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998); *In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983). "Even if the privilege exists it is waived when the client voluntarily reveals the information to another or his attorney does so with his consent." *Bump*, 605 F.2d at 551. Accordingly, the four non-objecting interviewees (Kathryn Davis, Karen Talley, Terry Herbert, and Hossein Daneshpour) who explicitly have consented to their attorneys' disclosure of the original interview notes have waived their attorney-client privilege in the notes. As to these persons, the district court's order of production was not an abuse of discretion.

As for the remaining non-party interviewees, the question is whether counsel's filing of the redacted notes waived their privilege in the original notes. "[A]n attorney cannot waive the attorney-client privilege without the client's

consent." *Vargas*, 723 F.2d at 1466.  Thus, "production of privileged documents by an attorney under court order does not necessarily constitute a waiver of the privilege." *Id.*; *see also In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) ("[A]bsent a client's consent or waiver, the publication of confidential communications by an attorney does not constitute a relinquishment of the privilege by the client.").

Contrary to counsel's assertions, it does not appear that the filing of the redacted notes was required by a court order.  The documents before us show that at the May 31, 2007, district court hearing, Ms. Sulton asked for leave to file documents under seal for in camera review.  5/31/07 Tr. at 11.  The district court refused, stating that it reviewed documents in camera only in very limited circumstances.  *Id.*  The court then gave counsel ten days to review their documents and to file whatever documents they wished to file.  *Id.* at 11-12.  Counsel ultimately filed the redacted interview notes.  Only then did the district court order the production of the original notes.  *See McCormick on Evidence* § 93, at 161 (Kenneth S. Broun ed., Thomson/West 6th ed. 2006) (stating that a partial disclosure of an otherwise privileged document waives the privilege as to the remainder of the document); *see also In re von Bulow*, 828 F.2d at 102 (noting "the rule that testimony as to part of a privileged communication, in fairness, requires production of the remainder").

Counsel's brief in this court asserts that the non-party interviewees object to considering the privilege waived, but counsel does not squarely address whether the non-party interviewees consented to, or even knew about, the filing of the redacted interview notes prior to the filing. We recognize that it is the proponent of the privilege has the burden of proof. *Bump*, 605 F.2d at 551. But the interviewees have established that they are entitled to the protection of the privilege, and nothing before us indicates that they consented to the filing of the redacted notes. Further, the non-party interviewees cannot appear before us in person, as their appearances would destroy their anonymity. Thus, their privilege is being defended solely by one of the persons who put it at issue in the first place. Under these circumstances, we conclude that the filing of the redacted notes did not waive the attorney-client privilege of the non-consenting non-party interviewees. The district court's order requiring public production of the original interview notes concerning those persons was an abuse of discretion.

*Oft-Repeated Error & Important Issue of Law*

We cannot say that the district court's order of production "represents an often repeated error and manifests a persistent disregard of federal rules." *Pacificare of Okla., Inc.*, 59 F.3d at 153. Further, while this matter does raise an important question of law for the non-party interviewees, such question is not "new" or an issue of first impression. *Id.* While these factors weigh against mandamus relief, they are outweighed by the considerations discussed above.

*Conclusion*

The mandamus petition is DENIED insofar as it requests that this court prohibit production of the original Gregory Hall interview notes regarding interviews with Kathryn Davis, Karen Talley, Terry Herbert, and Hossein Daneshpour.

The mandamus petition is GRANTED insofar as it requests that this court prohibit production of the original Gregory Hall interview notes for all other non-party interviewees. The district court's orders dated June 18, 2007, and June 25, 2007, are VACATED to the extent that they require the public production of the original Gregory Hall interview notes for non-party interviewees other than Kathryn Davis, Karen Talley, Terry Herbert, and Hossein Daneshpour. This order does not prohibit the production of pages that contain notes of interviews only with the district court plaintiffs, with the consenting non-party interviewees listed above, or with persons who have no claim to the attorney-client privilege.

Ms. Sulton has informed this court that she has no objection to producing the original notes for in camera review by the district court. In camera review would preserve the privilege. *See United States v. Zolin*, 491 U.S. 554, 568-69 (1989); *In re Perrigo Co.*, 128 F.3d 430, 441 (6th Cir. 1997). Accordingly, notwithstanding this order, if the district court so chooses it may order production

of the original Gregory Hall interview notes, in their entirety, for in camera review.

                                      Entered for the Court

                                      */s/ Elisabeth A. Shumaker*

                                      ELISABETH A. SHUMAKER, Clerk