**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-02262-CMA-MJW
(consolidated with Civil Action No. 07-cv-2063)

RENEE ATWELL,
VIVIAN BRADLEY,
TERRY LEE, and
YVETTE MARTINEZ HOCHBERG

    Plaintiffs,

v.

PATRICIA GABOW, in her individual capacity and in her official capacity as Chief Executive Officer and Medical Director of Denver Health and Hospital Authority, and DENVER HEALTH AND HOSPITAL AUTHORITY

    Defendants

---

Civil Action No. 07-CV-2063-JLK

ODIN GOMEZ,
MEKELA RIDGEWAY,
CATHIE GORDON, and
KATIE MOORE

    Plaintiffs,

v.

PATRICIA GABOW, in her individual capacity and in her official capacity as Chief Executive Officer and Medical Director of Denver Health and Hospital Authority,
GREG ROSSMAN, in his individual capacity and in his official capacity as Chief Human Resources Officer of Denver Health and Hospital Authority,
WENDY ALEXANDER, in her individual capacity and in her official capacity as Human Resources Director of Denver Health and Hospital Authority, and
DENVER HEALTH AND HOSPITAL AUTHORITY, a political subdivision of the State of Colorado

    Defendants.

---

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT
PURSUANT TO F.R.CIV.P. 54(b)**

This matter comes before the Court upon the Unopposed Joint Motion To Re-Enter Final Judgment Pursuant To F.R.C.P. 54(b), As Required By The Tenth Circuit, And Proposed Order (Doc. # 135), requesting re-entry of final judgment pursuant to Fed. R. Civ. P. 54(b) on all claims by all Plaintiffs against all Defendants, including the class based claims, with the exception of Plaintiff Renee Atwell's individual claims against Defendant Denver Health alleging violation of Title VII and the Colorado Anti-Discrimination Act ("CADA"), which will remain pending in this Court. The final judgment is based on this Court's Orders dated February 28, 2008 (Doc. # 74) and March 31, 2008 (Doc. # 76). For the following reasons, the Motion is GRANTED.

In summary, Tenth Circuit authority requires that an order by this Court pursuant to Rule 54(b) must make the following two express determinations, along with an explanation supporting each determination: (1) the orders being certified for entry of judgment are "final" orders, and (2) "there is no just reason to delay" review of the final orders until this Court has conclusively ruled on the remaining claims. This Court now explicitly makes those two findings.

**BACKGROUND**

The parties requested this final judgment order pursuant to Rule 54(b) for a second time because the parties' April 11, 2008 Joint Motion for F.R.C.P. 54(b) Entry of Final Judgment (Doc. # 84), which this Court granted on April 16, 2008 (Doc. # 87), did not include a proposed order with findings sufficient to satisfy the Tenth Circuit's requirements for appellate jurisdiction. The Tenth Circuit's December 8, 2008 Order (Doc. # 132) directed the parties to obtain and present a new Rule 54(b) order that

complies with its requirements, or otherwise it will dismiss the appeal (which has already been fully briefed) for lack of appellate jurisdiction.

There are multiple parties and claims in these two consolidated employment discrimination cases. The first-filed case, No. 06-cv-02262 (the "Atwell Case") consists of four named Plaintiffs asserting employment discrimination claims under Title VII, 42 U.S.C. §§ 1981 and 1983, CADA, and C.R.S. § 25-29-107. The second case, No. 07-cv-2063 (the "Gomez Case") also consists of four named Plaintiffs asserting employment discrimination claims under 42 U.S.C. §§ 1981 and 1983. Both cases name Denver Health and Hospital Authority ("Denver Health") and its CEO, Patricia Gabow as Defendants. The Gomez Case also names two additional Denver Health managers as Defendants, Greg Rossman and Wendy Alexander. Both cases include class action allegations and seek class-based monetary and injunctive relief.

The litigation history of these two consolidated cases prior to the two Orders is set forth in detail at pp. 4-7 of Judge Kane's February 28, 2008 Order Denying Motion for Class Certification (Doc. # 74) and at pp. 2-4 of Judge Kane's March 31, 2008 Order on Motions to Dismiss and Order to Show Cause (Doc. # 76).

The two Orders that are the subject of this Rule 54(b) certification Order are lengthy and complex, but the following summary description is sufficient for purposes of this Order. This Court's February 28, 2008 Order denied Plaintiffs' motion for class certification in both cases, in large measure because the assorted individualized claims of the Plaintiffs and the proposed class members lacked commonality and typicality. *See* Fed. R. Civ. P. 23(a)(2) and (3). This Court's March 31, 2008 Order then substantively dismissed all claims brought by seven of the eight

Plaintiffs in these two consolidated cases (all of the Plaintiffs other than Plaintiff Atwell), all claims asserted against the three individual Defendants in their individual and official capacities, and Plaintiff Atwell's claims under 42 U.S.C. §§ 1981 and 1983 and under C.R.S. § 25-29-107.

Thus, as a result of the two Orders in February and March, 2008, the only claims remaining before the Court are Plaintiff Atwell's individual Title VII and CADA claims, which are only asserted against Denver Health.[1]

As noted above, on April 11, 2008, the parties filed a Joint Motion for Fed. R. Civ. P. 54(b) Entry of Final Judgment (Doc. # 84), which the Court granted on April 16, 2008 (Doc. # 87). Plaintiffs appealed to the Tenth Circuit the denial of class certification and the dismissal of their assorted claims. The parties completed briefing in that appeal, No. 08-1107, in September 2008. As explained above, however, on December 8, 2008, the Tenth Circuit issued its Order stating that the District Court's Rule 54(b) certification order was insufficient because it:

> does not set forth the district court's reasons for granting certification and offers no analysis of the relevant Rule 54(b) factors. Under this court's decision in *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1266 (10th Cir. 2005), the district court's Rule 54(b) order fails to provide this court with appellate jurisdiction over this appeal.

The Tenth Circuit's Order directed that the parties would have 60 days to obtain and present to the Court a Rule 54(b) order that complies with *Stockman's Water Co.,* or the appeal will be dismissed for lack of jurisdiction.

---

[1] Litigation in this Court of Atwell's remaining claims continued after the initial Rule 54(b) order in April, 2008.

The parties represented to this Court that they have conferred regarding the Tenth Circuit's Order, and they agree this Court should provide a Rule 54(b) certification satisfying the Tenth Circuit's requirements.

### **STANDARD UNDER RULE 54(b)**

The Tenth Circuit's Order concluded that the previous Rule 54(b) certification did not sufficiently analyze the relevant factors for certification, and that without correction, the appeal will be dismissed, citing its decision in *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1266 (10th Cir. 2005). The Tenth Circuit dismissed the appeal for lack of jurisdiction in *Stockman's Water Co.* because the district court's Rule 54(b) Order "simply incorporated by reference" one of the party's arguments, which was not sufficient. *Id.* at 1265. In *Stockman's Water Co.*, the Tenth Circuit noted, "In *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236 (10th Cir. 2001), we discussed at length the requirements of Rule 54(b) certification." *Stockman's Water Co.*, 425 F.3d at 1265.

The referenced decision, *Oklahoma Turnpike Auth. v. Bruner,* discusses the purpose of Rule 54(b) and each of these two enumerated factors. "The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 259 F.3d at 1241 (internal citations and quotations omitted). This potential for injustice through delay is the rationale for an exception to the

general rule against immediate appeals, which is based on the desire to avoid piecemeal appeals.  *Id.*

With this background, the Tenth Circuit set forth the requirements for a Rule 54(b) order:

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations.  First, the district court must determine that the order it is certifying is a final order.  Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Id.* at 1242 (internal citations omitted).

## **ANALYSIS**

Here, the purpose of Rule 54(b) will be met by certification, because entry of final judgment will avoid possible injustice from delay to all the litigants other than one Plaintiff Atwell, and there is little danger of piecemeal appeals.  Furthermore, the Court finds and concludes that the two required determinations are supported and proper in these cases.

### **A.   The Court's Orders of February 28, 2008 and March 31, 2008 are Final Orders for Purposes of Rule 54(b)**

The first factor, finality, is present here.  "To be considered 'final,' an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co.*, 351 U.S. 427, 436 (1956)); *Oklahoma Turnpike Auth.*, 259 F.3d at 1242.  In this context, the term "claim" permits the district court to focus on whether and to what degree the dismissed claims are factually or

legally connected to, or separable from, the remaining claims. *Id.* at 1242. In making this determination, courts can look to the degree of factual overlap and the relief sought. *Id.*

Here, the two orders dismissed all claims by all Plaintiffs against all Defendants, as well as the class allegations, with the sole exception of Plaintiff Atwell's individual claims against Denver Health for violation of Title VII and the CADA. There is a great degree of separation, and little, if any, overlap between the dismissed claims and the remaining claims, on either a factual or legal basis, or based on the relief sought.

Factually, the allegations regarding Atwell's treatment are separate from those of the other seven plaintiffs, as detailed by Judge Kane at pp. 6-8 of his March 31, 2008 Order. Furthermore, Atwell's allegations about her individual treatment are separable from the class-based allegations dismissed in the February 28, 2008 Order.

Legally, there is also separation between the dismissed claims and the remaining claims. None of the grounds for the dismissal of claims in the March 31, 2008 Order apply to the remaining Title VII and CADA claims of Plaintiff Atwell. Therefore, an immediate appeal of the dismissal of those claims would not involve issues which might need to be addressed again in the future by the Tenth Circuit after this Court's adjudication of Atwell's Title VII and CADA claims. For example, the Title VII and CADA claims of the other three Plaintiffs in the Atwell Case were dismissed for failure of those three Plaintiffs to obtain right-to-sue notices from the EEOC, and based on his ruling that they could not "piggy-back" on Atwell's exhaustion of administrative remedies. *See,* pp. 19-21 of March 31, 2008 Order. Thus, the dismissal of the other three

Plaintiffs' Title VII and CADA claims presents issues for appeal which are separate from Atwell's Title VII and CADA claims.

In addition, the dismissal of all claims of all eight Plaintiffs against Denver Health under 42 U.S.C. §§ 1981 and 1983 was based on the conclusion that all Plaintiffs had failed to allege adequately that Denver Health, a governmental entity, or the individual Defendants acting in their official capacity, had acted under color of law pursuant to official policy, practice, or custom as required for municipal liability under 42 U.S.C. §§ 1981 and 1983. *See,* pp. 4-5, 8-10, and 12-16 of March 31, 2008 Order. These legal issues are separate and distinct from the remaining Title VII and CADA claims of Plaintiff Atwell.

All claims against the individual Defendants also have been dismissed. The dismissal of all claims asserted under 42 U.S.C. §§ 1981 and 1983 by all eight Plaintiffs against the individual Defendants in their individual capacities was largely based on the conclusion that the complaints did not allege sufficient personal involvement of those Defendants to state a claim for personal liability.[2] Therefore, the dismissed claims against the individual Defendants are legally separate and distinct from Plaintiff Atwell's remaining Title VII and CADA claims against Denver Health.

Plaintiff's Atwell's remaining individual Title VII and CADA claims also are separate from and involve different legal issues than the class-based allegations addressed in the February 28, 2008 Order denying class certification. The appellate issues involving application of Rule 23 do not apply to the adjudication of her remaining individual claims.

---

2  Neither Title VII nor CADA provide for personal liability of supervisors or managers.

Finally, the relief sought is separate as well.  The only remaining Plaintiff, Atwell, does not seek any relief on behalf of any of the other seven Plaintiffs.  The relief she seeks against Denver Health on her remaining individual claims is separate from the relief sought in the dismissed claims, including the relief sought by the other individual Plaintiffs, the relief sought in the claims against the individual Defendants, and the even broader scope of the relief sought by the class allegations.

In summary, there is a great deal of separation, on a factual, legal, and remedial basis, between, on the one hand, the two Orders dismissing claims and denying the motion for class certification, and on the other, Plaintiff Atwell's remaining individual claims.  Accordingly, the two Orders being certified under Rule 54(b) are final for purposes of this Rule.

### B. There is No Just Reason for Delay

Further, there is a substantial interest in pursuing an immediate appeal on the part of the parties who are no longer parties in the remaining claims.  Seven Plaintiffs' claims have been completely dismissed.  They have a legitimate desire to have their appeal heard now rather than waiting until Plaintiff Atwell's individual Title VII and CADA claims proceed to trial.  Similarly, the three individual Defendants have been completely dismissed from this litigation, and they too have an interest in seeing that the legal claims against them are fully and finally adjudicated in a timely manner, rather than waiting until the individual claims of Atwell against Denver Health are ultimately concluded through the litigation process.

Just as there is no just reason to delay an appeal of the dismissed claims involving these other parties, there is no just reason to delay appeal of the denial of

the motion for class certification. Those allegations have little to do with Plaintiff Atwell's individual's claims, and the proposed class gains nothing from the additional delay.

The appeal has already been filed and fully briefed. On the other hand, a trial date has not yet been set in the Atwell case. It would be prejudicial to the other parties and the proposed class to have the appeal delayed any further. Therefore, there is no just reason for delay, and certification under Rule 54(b) is also appropriate on this basis.

## **CONCLUSION**

Analysis of the relevant factors demonstrates that Rule 54(b) certification of the two Orders is appropriate because the Orders are final for purposes of Rule 54(b) and there is no just reason for delay. In addition, the interests of the parties in pursuing an immediate appeal substantially outweigh any concern about piecemeal appeals.

For the foregoing reasons, the Court finds (1) the Court's Order Dated February 28, 2008 denying Plaintiffs' motion for class certification and (2) the Court's Order dated March 31, 2008, dismissing all the claims of all the Plaintiffs (other than Plaintiff Atwell's claims under Title VII and the CADA against Defendant Denver Health), are final orders for purposes of Rule 54(b), and that there is no just reason for delay, and directs entry of final judgment pursuant to Rule 54(b) in accordance with those orders.

Final judgment shall enter in these consolidated cases as follows:

1. DISMISSING WITH PREJUDICE all claims of Plaintiffs Vivian Bradley, Terry Lee, Yvette Martinez Hochberg, Odin Gomez, Mekela Ridgeway, Cathie Gordon, and Katie Moore, as provided by the Court's Order dated March 31, 2008;

2. DISMISSING WITH PREJUDICE the claims of Plaintiff Renee Atwell that were alleged under 42 U.S.C. §§ 1981 and 1983 and under C.R.S. §25-29-107, as provided by the Court's Order dated March 31, 2008;

3. DISMISSING WITH PREJUDICE all claims against Defendants Patricia Gabow, Greg Rossman, and Wendy Alexander, in both their individual and official capacities, as provided by the Court's Order dated March 31, 2008; and

4. DENYING Plaintiffs' motion for class certification, as provided in the Court's Order dated February 28, 2008.

DATED: January  15 , 2009

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge